371 P.2d 551

In the Matter of the ESTATE of Charles A. BECK, a/k/a Chas. A. Beck, Deceased.

YOUNG ELECTRIC SIGN CO., a corporation, Plaintiff and Appellant,

v.

Marguerite Taylor BECK, Executrix of the Estate of Charles A. Beck, a/k/a Chas A. Beck, Deceased, Defendant and Respondent.

Nos. 9609, 9610.

Supreme Court of Utah.

May 17, 1962.

Earl D. Tanner, Salt Lake City, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal 1) from the summary dismissal of a suit against Mrs. Beck, executrix, based on alleged rentals due, and 2) from a denial of plaintiff's petition to set aside a

decree of distribution. Affirmed, with costs to defendant.

Mrs. Beck sought admission of her husband's will to probate, by petition filed March 22, 1961. No statement of the actual or estimated value of the estate was mentioned therein. This is not fatal where unknown.[1] On April 14, publication of notice was effected giving *two* months, ending June 24, within which to file claims. Proof of publication was filed, and on June 2 the court decreed that due and legal notice had been given, which, based on the $8,589.06 inventory and appraisal filed, appears to have been proper, under the circumstances of this case, abstracted below.

On July 17 appraisers were appointed, who made the appraisal mentioned. On August 17, plaintiff having learned of the probate, filed its claim, which obviously was in between the *two* and the *four* month statutory periods for filing claims, depending on an estate's value.[2] On September 6, this appraisal, along with a petition for final account and distribution, was filed. Notice of the latter was given as required by mailing and posting. The matter came on regularly for hearing on September 26, 1961, at which time, without objection, a decree of distribution was entered.

The claim filed by plaintiff on August 16 was neither approved nor rejected until after the decree of distribution. Plaintiff had from September 6 to September 26 to object to the granting of a decree of distribution, and to attack the valuation of the appraisers, neither of which actions it took, although the appraisal was in the file, and notice of the petition for distribution had been given by posting. A month later, however, he sued Mrs. Beck for the rentals claimed to be due, and about a month after that petitioned for vacation of the distribution decree on the grounds that Mrs. Beck had misrepresented the facts in her petition when she alleged that "all claims filed in time *or at all*" had been paid. Plaintiff contended its claim, which was not acted upon until after distribution, was included in the "or at all" part of the phrase.

Plaintiff says that it had no opportunity to challenge the value of the estate set by the court appointed appraisers, and that had it been permitted to do so if the decree had been vacated, it may have shown that the estate exceeded $10,000 in value, which

---

1. Title 75-4-7, Utah Code Annotated 1953, requires that "when known to the applicant, he must state the * * * value and character of the property."

2. Title 75-9-2, Utah Code Annotated 1953, provides that if the estate is valued at more than $10,000, creditor shall have *four* months within which to file, otherwise *two*.

would have rendered the *two* months notice to creditors abortive, and would have established that its claim timely had been filed.

Plaintiff not only had statutory notice of the petition for distribution, and hence its contents, and hence the appraisal, but had filed its claim long before, reflecting an acquaintance with the pendency of the probate, together with the fact that the "all claims filed in time *or at all*" constituted a red flag established by the fact, if by nothing more, that plaintiff urges it as a material misrepresentation.

Significantly the "or at all" portion of the petition, was not incorporated in the decree of distribution. It is difficult to discern how plaintiff could have been misled by such a representation, nor is it apparent in the record that it relied on such statement, responding only that it was not known at the time.

Plaintiff further urges that the executrix should have set aside funds to pay its claim, since it was a "disputed" one under Title 75–9–26, U.C.A.1953. There is no evidence that the claim ever was disputed. For aught the record reflects, had the claim been filed within the *two* month period, it may have been approved along with the others.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.